743 So.2d 1054 (1999)
Fredrick BARBER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01528-COA.
Court of Appeals of Mississippi.
June 8, 1999.
*1055 Gary B. Jones, Meridian, Thomas M. West, Attorneys for Appellant.
Office of the Attorney General by Pat S. Flynn, Attorney for Appellee.
BEFORE KING, P.J., BRIDGES, DIAZ, AND LEE, JJ.
DIAZ, J., for the Court:
¶ 1. Fredrick Barber appeals his conviction of simple assault on a police officer raising the following issues as error: 1) whether defense counsel was deficient in his performance and whether counsel's deficiency was prejudicial and 2) whether the court erred in not giving defense jury instruction D-2. Finding the last issue to be dispositive, we reverse and remand.

FACTS
¶ 2. On August 28, 1996, a minor traffic accident occurred in Waynesboro, Mississippi. Barber was part of this accident. Officers Joe Gray and Marvin Overstreet were investigating the accident. When Gray called the dispatcher to check on the drivers's licenses of the individuals involved, he was informed that there was an outstanding warrant for Barber issued by the Waynesboro Municipal Court. As Overstreet attempted to arrest Barber, he ran from the scene. The officers gave chase, but lost sight of Barber in an alley. After five to ten minutes the officers spotted Barber walking back toward them. Barber asked them what the warrant was for and the officers told him. Gray held out his hand to arrest Barber, and Barber swung at him, hitting him in the face and cutting Gray's eye. Barber again ran. Gray tackled him and all three ended up fighting in a ditch. Finally, Barber gave up. The officers transported Barber to the police station. Gray received a cut over his face and a dislocated finger.

DISCUSSION

FAILURE TO INSTRUCT THE JURY ON THE LESSER-INCLUDED-OFFENSE OF RESISTING ARREST
¶ 3. Barber requested a lesser-included-offense instruction on resisting arrest which was denied. He argues that this instruction was warranted by the evidence.
¶ 4. Trial courts should instruct juries about the defendant's theory in the case if it is supported by the evidence, no matter how meager or unlikely. Manuel v. State, 667 So.2d 590, 593 (Miss.1995). A lesser-included-offense instruction should be granted where there is an evidentiary basis in the record for it. Lee v. State, 469 So.2d 1225, 1230 (Miss.1985). "[T]he evidence in a particular case generally warrants granting a lesser offense instruction if a `rational' or a `reasonable' jury could find the defendant not guilty of the principal offense charged in the indictment yet guilty of the lesser included offense." Monroe v. State, 515 So.2d 860, 863 (Miss. 1987). Common sense dictates that if someone resists too strongly it becomes an assault, and therefore, resisting arrest is clearly a lesser-included-offense of simple assault on an officer. Murrell v. State, 655 So.2d 881, 886 (Miss.1995) (holding that resisting arrest is lesser offense of assault on an officer).
*1056 ¶ 5. Officer Gray testified that there was a five to ten minute interval between the time they lost sight of Barber and the time he came back and walked toward the officers. When Barber got close Gray testified that he, "put [his] hand out, come on. You are under arrest. Let's go back to the car. He swung at me and backed up." Barber's theory of the case was that he was guilty of resisting arrest instead of simple assault on an officer. The trial court confused the issues and the jury by giving State's jury instruction S-3, which reads "one may not resist arrest by any force, means or in any manner," but would not grant Barber's jury instruction on resisting arrest. Barber was entitled to have the jury instructed regarding any offense carrying a lesser punishment arising out of the same core of operative facts with the scenario giving rise to the charge laid in the indictment. Since resisting arrest is a lesser offense of assault on an officer and the trial judge denied the jury instruction to that effect, we reverse and remand this case with instructions for the trial judge to include the resisting arrest instruction to the jury upon retrial.

II.

DOUBLE JEOPARDY
¶ 6. To facilitate the trial court on remand we will address one of Barber's issues he puts forth in his submitted brief. Barber, through new counsel on appeal, cites three reasons why his trial counsel was ineffective. The one issue we are concerned with is Barber's contention that he had a viable double jeopardy issue that was deficiently handled by his trial counsel. Barber claims that his trial in circuit court for simple assault on a law enforcement officer was double jeopardy since he had previously been convicted in municipal court of resisting arrest for the same incident.
¶ 7. After Barber's trial, a hearing was held on trial counsel's motion to dismiss based on double jeopardy. Officer Overstreet testified that the resisting arrest charge came from Barber's action of running from him when he first tried to arrest him. The simple assault charge came from the act of Barber hitting Officer Gray in the eye. Barber's appellate counsel argues that trial counsel was ineffective during cross-examination of Overstreet because trial counsel did not have the affidavit and arrest warrant for the resisting arrest case. On appeal, we do not have either of these documents. Because we do not have a complete record before us to determine what facts were used to convict Barber of resisting arrest, we cannot say whether his simple assault trial was a subsequent punishment for the same offense. See White v. State, 702 So.2d 107, 109 (Miss.1997). "Double jeopardy protection applies to successive prosecutions for the same criminal offense." Id. (citing United States v. Dixon, 509 U.S. 688, 694, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993)). "[W]here the two offenses for which the defendant is punished or tried cannot survive the `same-elements' test, the double jeopardy bar applies." White, 702 So.2d at 109 (quoting Dixon, 509 U.S. at 696, 113 S.Ct. 2849).
¶ 8. A close inspection of the record seems to bolster Barber's argument that his trial for simple assault came from the same common nucleus of operative facts as his conviction of resisting arrest. It seems the prosecution was treating Barber's fleeing from the scene and the melee between the officers and Barber in the alley as one offense. During discussion of jury instructions, the prosecution made the statement, when referring to State's jury instruction S-3, "to tell you the truth, this [instruction] is primarily directed at the initial stop and the initial action of the defendant at the scene of the wreck." On remand the trial judge should address the issue of double jeopardy should the defense present sufficient evidence on this proposition.
¶ 9. THE JUDGMENT OF THE WAYNE COUNTY CIRCUIT COURT *1057 OF SIMPLE ASSAULT ON AN OFFICER IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE TAXED TO WAYNE COUNTY.
KING, P.J., BRIDGES, COLEMAN, IRVING, LEE, AND THOMAS, JJ., CONCUR.
SOUTHWICK, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY McMILLIN, C.J. AND PAYNE, J.
SOUTHWICK, P.J., dissenting.
¶ 10. Though I agree that a relatively recent supreme court decision noted error in failing to give an instruction in similar circumstances, that case actually reversed for other reasons. Murrell v. State, 655 So.2d 881, 886 (Miss.1995). Further, though the Murrell court uses language regarding "lesser-included" offenses, it relied on case law that requires in some circumstances the granting of an instruction that is not of a lesser-included offense, but only of a lesser offense growing out of the same facts. I find that latter, rather extraordinary case law does not apply here.
¶ 11. First, a lesser-included offense is one that contains no element not in the greater. Harper v. State, 478 So.2d 1017, 1021 (Miss.1985). A further elaboration is that an "accused could not be guilty of the offense for which he is indicted without at the same time being guilty of the lesser include[d] offense." Payton v. State, 642 So.2d 1328, 1334 (Miss.1994). The two offenses with which we are concerned here do not match that definition. The relevant portion of the statute for simple assault requires that the accused "attempt to cause, or purposefully, knowingly or recklessly causes bodily injury to another," when that other person is a law enforcement officer. Miss.Code Ann. § 97-3-7(1) (Supp.1998). The allegedly lesser-included offense is to "resist by force, or violence, or threats, or in any other manner, his lawful arrest" by a law enforcement officer. Miss.Code Ann. § 97-9-73 (Rev. 1994). An element in the lesser offense is that the accused be resisting an arrest, which is not a required element of the greater. An accused could in fact be guilty of assault on a police officer without being guilty of resisting arrest. For that reason it is not a lesser-included offense. Murrell does not say that it is, as will be explained.
¶ 12. Murrell was being arrested, but he ran from the officers. Upon encountering them again, Murrell was told that he was under arrest but he tried again to escape and may have struck one of the officers. He was indicted for assault on a police officer. Murrell, 655 So.2d at 882-83. The court found the evidence that Murrell had caused any bodily injury to the officer so insubstantial that it reversed and ordered a new trial. Id. at 885. The court then stated that there is a separate doctrine from that applicable to lesser-included offenses. Instead, "any offense carrying a lesser punishment arising out of a common nucleus of operative fact with the scenario giving rise to the charge" in the indictment is a "lesser offense." Id. at 886, quoting Mease v. State, 539 So.2d 1324, 1329 (Miss.1989). An accused is "entitled," the Murrell court held, to have an instruction on any lesser offense even if it is not a lesser-included one under traditional analysis. Id.
¶ 13. What that does is permit an accused to be convicted for a crime for which he was not indicted. A defendant knows that he had been charged with, hypothetically, the five elements of an offense set out in the indictment or any fewer number of those elements that the State can prove and which constitute another offense. A necessary element of resisting arrest is that an arrest be attempted, but that is not a necessary element of assault on an officer. That the defendant wants an instruction that would allow a jury to convict him of something for which he was not indicted *1058 is said to constitute a waiver of the need for an indictment. Griffin v. State, 533 So.2d 444, 448 n. 2 (Miss.1988).
¶ 14. The first case that stated this principle involved an indictment for rape and the request for a simple assault instruction. Id. at 447. The supreme court held that even whether "simple assault is formally a lesser included offense to rape is not the point." Id. Since under the weak facts regarding sexual penetration a jury might have thought that the defendant was guilty only of assault, he was "entitled to have the jury instructed on the lesser offense of simple assault. Because the Circuit Court refused that instruction, and because of the enormous disparity in maximum punishments between rape and simple assault, we find the error of reversible proportions." Id. at 448 (footnote omitted). Creating this new doctrine was justified because the evidence on the indicted charge was weak and there was an "enormous disparity in maximum punishments" between the offenses. Rape could result in life imprisonment; simple assault had a punishment of 6 months in jail and a fine. Id. at 447.
¶ 15. The maximum imprisonment here on the greater offense is five years. Miss. Code Ann. § 97-3-7(1). For resisting arrest, the sentence could be 6 months. Miss.Code Ann. § 97-9-73. I do not find this to be an "enormous disparity in maximum punishments" justifying the application of this doctrine. It is certainly not equivalent to life imprisonment compared to 6 months in jail, as in Griffin. Not only was the evidence of rape quite weak in Griffin, also in Murrell the proof of bodily injury to the officer was so weak as to cause a reversal. Here, the evidence was basically uncontroverted that the officer suffered a cut over his eye and a dislocated finger. That quite simply is bodily injury. My focus on the evidence follows the same threshold requirement as for lesser-included offenses. Such an instruction is not to be given unless no reasonable, fairminded juror could find the accused not guilty of one of the elements of the greater but could find guilt of the lesser. Harper, 478 So.2d at 1021. A "lesser offense" instruction should also not be given if no reasonable, fair-minded juror could acquit of the greater but still find guilt of the lesser. Otherwise there is greater entitlement to the lesser offense instruction than to the traditional lesser-included offense instruction. I see no justification for that and the case law does not require it.
¶ 16. A related criminal law doctrine is that even if the same facts would support the conviction of two different crimes with much different punishments, the grand jury can indict for the greater and there is no obligation that a lesser offense also be charged to the jury.
Even where there are two statutes covering the same crime, and there is a difference in the penalty between the two statutes, the state is under no obligation to prosecute under the statute with the lesser penalty. It may choose to prosecute under either, and so long as the choice is clear and unequivocal the defendant has no right to complain.
Cumbest v. State, 456 So.2d 209, 222-23 (Miss.1984), cited in Gibson v. State, 731 So.2d 1087 (¶ 21) (Miss.1998). The only manner in which these two doctrines can work together without capriciousness, so long as the doctrine of "lesser offense" is to be perpetuated, is if there are restrictions maintained as to when the lesser offense is to be charged.
¶ 17. The situations in which the "lesser offense" doctrine has been applieda great disparity in the sentences for the crimes and a serious evidentiary problem with some element of the charged crime should not be seen as incidental. Murrell did find a serious evidentiary deficiency in the charge of assault. As a result I would not apply that case here. On these facts, a reasonable juror would not have found an absence of bodily injury but guilt of resisting arrest.
*1059 ¶ 18. I would hold that Barber was not entitled to the instruction since it was not for a lesser-included offense, the evidence on the elements of assault was strong and there was not a risk that the jury would convict for assault only because of the absence of any alternative offense, and there was not an enormous disparity in the maximum sentences.
¶ 19. An accused should not have the unrestricted right to search the statute books for some other related but not lesser-included offense with a lesser punishment, and insist upon an instruction on that crime. The restrictions just mentioned should continue to apply unless the lesser offense doctrine is abolished altogether.
McMILLIN, C.J., AND PAYNE, J., JOIN THIS SEPARATE OPINION.