PROCEDURAL HISTORY ¶ 1. On February 24, 2004, a jury in the Warren County Circuit Court found Robert L. Beyers guilty of aggravated assault. Beyers was subsequently sentenced to eight years with ninety days to serve in the custody of the Mississippi Department of Corrections, the remainder suspended and five years' post-release supervision. Beyers was also ordered to pay restitution and fees totaling $12,179.62.
 ¶ 2. Beyers filed a motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court denied the motion on April 16, 2004. Aggrieved, Beyers now appeals to this Court asserting the following issues: (1) the trial court erred in not instructing the jury as to the difference between the terms "serious bodily injury" and "bodily injury"; (2) the trial court erred in granting the State's jury instruction S-1A; and (3) the State failed to prove that Beyers did not act in self-defense.
 FACTS ¶ 3. On the evening of June 18, 2002, Joseph Foster was in his mobile home when he heard something hitting his trailer. Foster's daughter, Gina, told him that someone was shooting a gun and the bullets were hitting the trailer. After the shots subsided, Foster went to investigate and walked up the hill to Beyers's trailer where he found Beyers and Foster's son, Joey. Both Joey and Beyers were shooting guns and Beyers continued to shoot his gun after Foster asked him to stop. Beyers responded that Foster had no right to give him orders on his own property.
 ¶ 4. Beyers and Foster continued to argue until Foster left with Gina and Joey to call the police. Once Foster turned to leave, Beyers called him back and subsequently struck Foster in the head with the butt of his gun. Foster went to the hospital for treatment and, later, to both a dentist and an oral surgeon to fix the damage to his mouth.
 ¶ 5. After hearing both versions of the altercation and further investigation by the Warren County Sheriff's Department, the District Attorney's office decided to charge Beyers with aggravated assault.
 ¶ 6. Finding no error, we affirm.
 DISCUSSION OF ISSUES I. DID THE TRIAL COURT ERR IN INSTRUCTING THE JURY AS TO THE DIFFERENCE BETWEEN THE TERMS "SERIOUS BODILY INJURY" AND "BODILY INJURY"?
 ¶ 7. In his first issue on appeal, Beyers argues that Foster's injury was not likely to produce serious bodily harm; thus, the jury should have been instructed as to the proper definition of the term "serious bodily injury" as stated in the indictment. Beyers contends that "serious bodily injury" is a necessary element distinguishing *Page 458 
aggravated assault from the lesser charge of simple assault and should be proven beyond a reasonable doubt.
 ¶ 8. However, both this Court and the supreme court "have held that when an individual is charged pursuant to Mississippi Code Annotated [Section] 97-3-7(2)(b), the State need not prove the victim suffered `serious' bodily injury." Jenkins v. State,913 So.2d 1044, 1048 (¶ 13) (Miss.Ct.App. 2005); see also Jacksonv. State, 594 So.2d 20, 24 (Miss. 1992). Section 97-3-7(2)(b) requires that the injurious action must have been likely to cause such a result. We find no error here.
 II. DID THE TRIAL COURT ERR IN GRANTING THE STATE'S JURY INSTRUCTION S-1A?
 ¶ 9. In his second issue, Beyers contends that the trial court erred in granting the State's jury instruction S-1A. Beyers basically argues the same as he did in the first issue, namely that there was no evidence that the assault caused injuries resulting in serious bodily injury or that might result in death. We have already found this issue to be without merit.
 ¶ 10. Beyers also implies that the butt of a gun is not a deadly weapon. However, the supreme court has held that it is within the province of the jury to determine whether the use of a gun, used either as a bludgeoning instrument or for its designed purpose, makes it a deadly weapon under Section 97-3-7(2)(b).Griffin v. State, 540 So.2d 17, 19 (Miss. 1989); see alsoJenkins, 913 So.2d at 1049 (¶ 16); Walls v. State,759 So.2d 483, 487 (¶ 11) (Miss.Ct.App. 2000).
 III. DID THE STATE FAIL TO PROVE THAT BEYERS DID NOT ACT IN SELF-DEFENSE?
 ¶ 11. In his last issue, Beyers argues that the State failed to prove that he did not act in self-defense. Beyers contends that he defended himself in a reasonable manner given the circumstances surrounding the incident. Beyers states that Joey was standing behind him and was holding a gun. Beyers further claims that his reaction was to get Foster out of his way before facing Joey. However, according to the testimony of Foster, Joey and Gina, Joey had placed his rifle down prior to the altercation. There was also no testimony to support Beyers's contention that Foster was placing Beyers at risk of injury. It is within the jury's province to "consider all the evidence, including matters presented that tend to impeach a witness's credibility, and then to decide what weight and worth to give to any particular witness's testimony. Windham v. State,800 So.2d 1257, 1263 (¶ 18) (Miss.Ct.App. 2001).
 ¶ 12. Furthermore, the aggravated assault statute does not contain any language wherein the State must prove that Beyers did not act in self-defense.
 ¶ 13. Interestingly, in his brief, Beyers states, "He did not shoot Foster, as well he could, nor did he turn around and shoot Joey, as he could have." We decline to take this opportunity to commend Beyers for not shooting Foster or Joey. We find no merit to this issue.
 ¶ 14. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT OFCONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF EIGHT YEARS,WITH NINETY DAYS TO SERVE IN THE CUSTODY OF THE MISSISSIPPIDEPARTMENT OF CORRECTIONS, THE REMAINDER SUSPENDED AND FIVE YEARSOF POST-RELEASE SUPERVISION, PAY $1000 FINE, PAY RESTITUTION INTHE AMOUNT OF $2,180.01 TO THE VICTIM, AND PAY $10,904.62 TO THEVICTIMS COMPENSATION FUND, IS AFFIRMED. ALL COSTS OF THIS *Page 459 APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. SOUTHWICK, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.