18 So.3d 859 (2009)
David BROOKS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-KA-00828-COA.
Court of Appeals of Mississippi.
November 12, 2008.
Rehearing Denied April 7, 2009.
*862 Stephanie L. Mallette, Phillip Broadhead, Oxford, attorneys for appellant.
Office of the Attorney General by Ladonna C. Holland, attorney for appellee.
Before KING, C.J., CHANDLER and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. David Brooks was indicted on five counts of aggravated assault of law enforcement officers arising out of events that occurred during a multi-vehicle police chase. He was convicted in the Circuit Court of Oktibbeha County of two counts of aggravated assault of law enforcement officers and sentenced to two consecutive sentences of twenty years each. He now appeals his convictions and sentences.
¶ 2. On appeal, Brooks raises the following four issues:
1. Whether the trial court erred when it granted the State's motion to amend the indictment on the day of trial where the amendment constituted a substantive change in the *863 indictment, the amendment was prejudicial to his defense, and the amendment was material to the merits of the case.
2. Whether the trial court committed error when it denied the defense-requested jury instructions as to the lesser non-included offense of reckless driving and the lesser-included offense of simple assault because both instructions were grounded in the evidence, supported the theory of the case, and were correct statements of the law.
3. Whether the trial court erred when it failed to sustain Brooks's motion for judgment notwithstanding the verdict (JNOV) or, in the alternative, for failing to grant the motion for a new trial as the jury's verdict was contrary to the overwhelming weight of the evidence.
4. Whether the trial court erred when it sentenced Brooks to two consecutive twenty-year prison terms because under the factors of the Solem test and the specific facts of this case, the sentence was grossly disproportionate to the conviction of aggravated assault on a law enforcement officer.
¶ 3. Finding that the amendments to the indictments were in error, and that the trial court should have granted Brooks's proposed jury instruction as to the lesser non-included offense of reckless driving, this Court reverses the judgment of the trial court and remands the case for a new trial.

FACTS
¶ 4. On the afternoon of February 11, 2003, Brooks, a twenty-two-year-old male, was driving a gray Hyundai in Starkville, Mississippi, when he made a right turn onto Highway 82 from a left-turn lane on Jackson Street. This maneuver was observed by Starkville Police Officer Andy Fultz, who attempted to pull Brooks over to give him a warning, but Brooks did not stop. Deputy Sheriff Dennis Daniels was also a witness to the illegal turn and joined the pursuit. Brooks was observed cutting off other cars and running red lights, although it was noted by Officer Fultz that he was not driving at an excessive rate of speed. What resulted was a multi-car police chase that continued for several miles.
¶ 5. Officer Fultz pulled in front of Brooks's car in an attempt to stop him, while Deputy Daniels remained behind Brooks. Brooks turned left onto Tally Ho Street, an extremely narrow, dead-end street. At the end of the street, Brooks began to turn around in a circular driveway with Officer Fultz behind him, but Deputy Daniels attempted to block him in at the other entrance with his patrol car. Brooks cut through a yard evading Deputy Daniels's blockade. During this maneuvering, Brooks almost hit Deputy Daniels, who had exited his vehicle. Deputy Daniels stated that he had to "almost dive back into the patrol car and pull [the] door shut to avoid getting hit by him." Officer Fultz testified that Brooks "did take the ditch to avoid hitting the car."
¶ 6. Brooks then pulled onto Highway 82. Deputy Daniels called 911 to alert other officers to the pursuit. It was approximately at this point that Officer Shanks Phelps joined in the chase, videotaping the pursuit. Brooks drove through two more roadblocks, nearly striking Officer Shane Knight's car at the second roadblock. Brooks avoided Officer Knight by passing him on the shoulder of the road. Highway Patrol Trooper Steve Gladney joined the chase near Mississippi State University. Brooks was driving on the wrong side of the road and almost hit Trooper Gladney's vehicle. Trooper Gladney *864 pulled off onto the shoulder of the road to avoid Brooks. Officer Tommy Coleman had also joined the chase and attempted several times to stop or slow down Brooks by getting in front of him and decelerating. Officer Coleman stated that Brooks bumped the rear of his police car more than once, but Brooks refuted this testimony. The chase ended when Brooks lost control of his car near the airport exit and crashed into an embankment. Officer Coleman immediately brandished his weapon and ordered Brooks to get down, but Brooks did not comply. Other officers then apprehended Brooks by force. Brooks was arrested and taken to jail.
¶ 7. Brooks was indicted on five counts of aggravated assault on a law enforcement officer. Brooks testified at trial that he panicked due to a recent bad encounter with the police in Memphis, Tennessee; he stated that he was looking for a safe place to pull over that had witnesses present. Brooks attested that he never intended to hit any of the law enforcement officers. In fact, he testified that Deputy Daniels was inside his police car when Brooks went off the road to avoid hitting Deputy Daniels's police car. The jury convicted Brooks of two counts of aggravated assaultthe counts involving Deputy Daniels and Trooper Gladney. The trial court sentenced Brooks to two twenty-year terms to be served consecutively.

DISCUSSION

1. WHETHER THE COURT PROPERLY GRANTED THE AMENDMENT TO THE INDICTMENT.
¶ 8. On the morning of trial, the State moved to amend the indictments in counts one through five to delete "the excess wording." The trial court granted the State's motion to amend the indictments. In its order granting the State's motion, the trial court stated that there was no objection to the amendments to the indictments, but upon review of the record, we find this to be a misstatement. Defense counsel for Brooks did object to the amendments, stating to the trial judge: "I think intent is an element that should be proven, and I don'tdo not think that those clauses should be taken out."
¶ 9. Deleted from count two was the language "by attempting to hit and/or run over the said Trooper Steven Gladney with his vehicle." From count four was deleted "by attempting to hit and/or run over Deputy Dennis Daniels with his vehicle."[1]
¶ 10. Whether an indictment is so flawed as to require reversal is a question of law. Brown v. State, 934 So.2d 1039, 1043 (¶ 16) (Miss.Ct.App.2006). This Court on appeal reviews a question of law de novo. Id. The standard of review of an amendment to an indictment is also de novo. See Spears v. State, 942 So.2d 772, 773 (¶ 5) (Miss.2006).
¶ 11. The general rule is that: "All indictments may be amended as to form but not as to the substance of the offense charged." Lee v. State, 944 So.2d 35, 40 (¶ 16) (Miss.2006) (quoting URCCC 7.09). An amendment as to form rather than substance is one where the defense under the original indictment is equally available after the amendment and the evidence which the defendant must use is the same in the pre- and post-indictment. Griffin v. State, 540 So.2d 17, 21 (Miss. 1989). If an offense is "fully and clearly defined in the statute," an indictment which tracks the language of that criminal statute is sufficient to inform the accused *865 of the charge against him. Joshua v. State, 445 So.2d 221, 223 (Miss.1984). "[O]therwise, the indictment should charge the offense by the use of additional words that clearly set forth every element necessary to constitute the crime." Id. (quoting Jackson v. State, 420 So.2d 1045, 1046 (Miss.1982)).
¶ 12. In Joshua, the Mississippi Supreme Court reversed and remanded a case where the indictment charged the defendant with aggravated assault on a law enforcement officer, but it did not allege any overt act "whatsoever regarding [the] appellant's attempt to cause bodily harm to the Trooper." Joshua, 445 So.2d at 223. Evidence was presented at trial that the defendant struck the officer with his fists and pointed a gun at the officer, but the indictment failed to state these or any acts committed by the defendant in the course of the alleged assault. Id. Noting that "our statutory law requires proof of an overt act in order to sustain a conviction of an attempt to commit a crime," the Joshua court determined that the indictment was "substantially defective in that it did not set out any alleged overt act whatsoever regarding [the] appellant's attempt to cause bodily harm to the patrolman." Id. at 222-23.
¶ 13. Neither the State, nor the dissent, makes an attempt to distinguish Joshua but, rather, argues that the cases relied on by the supreme court in Joshua do not support its result.[2] Assuming, without deciding, the State's survey of the decisions cited in Joshua to be correct, this does not alter the Mississippi Supreme Court's holding in Joshua or this Court's duty to follow its precedent. Therefore, we find that the amendments to the indictments resulted in error as they eliminated the language alleging any overt act regarding Brooks's attempt to cause bodily harm to the officer(s). While we do not find that the amendments materially altered the facts of the case or affected Brooks's theory of defense as he had been aware of the specific allegations prior to the amendments, pursuant to Joshua, the amendments resulted in "substantially defective" indictments. Accordingly, we reverse, and on remand, the deleted language should be restored.

2. WHETHER THE COURT PROPERLY DENIED THE PROPOSED JURY INSTRUCTIONS.
¶ 14. Defense counsel submitted jury instructions for each of the five counts for the lesser-included offense of simple assault upon a law enforcement officer and for the lesser non-included offense of reckless driving. Both sets of instructions were refused by the trial court, which gave the jury the option to find Brooks guilty only of aggravated assault of law enforcement officers. Brooks argues that the refusal of both lesser offense instructions was an abuse of discretion by the trial judge.
¶ 15. "With regard to [a defendant's] claim that he was entitled to a lesser-included offense instruction, we conduct de novo review, as this is a question of law." Downs v. State, 962 So.2d 1255, 1258 (¶ 10) (Miss.2007). In order to decide on "whether there is sufficient evidence that an issue be submitted to the jury, we must consider all of the evidence in the light most favorable to the party requesting the instruction[.]" Jackson v. State, *866 551 So.2d 132, 146 (Miss.1989). A criminal defendant is entitled to a lesser offense instruction where there is an evidentiary basis for it in the record. McGowan v. State, 541 So.2d 1027, 1028-29 (Miss.1989). The McGowan court examined several cases where the supreme court reversed the trial court's failure to grant a lesser offense instruction. "The common thread in all of [the] cases reversing on the point is that, under the evidence, the jury may reasonably have found the defendant not guilty of the principal charge laid in the indictment and at once guilty of the lesser charge." Id. at 1029.
¶ 16. Another factor to consider in the trial court's denial of a lesser offense jury instruction is the "disparity in maximum punishments between the offenses." Taylor v. State, 577 So.2d 381, 383 (Miss.1991). "A great disparity is a factor in favor of giving the lesser included offense instruction." Id. Simple assault on a law enforcement officer only carries a maximum five-year sentence; reckless driving carries a fine and a maximum of ten days' imprisonment upon the second offense. It is evident that the significant disparity in these sentences versus the twenty-year sentence on each of the two counts that Brooks received could have warranted the granting of a lesser offense instruction. "However, notwithstanding a large disparity in maximum punishments, lesser-included offense instructions cannot be indiscriminately given." Bright v. State, 986 So.2d 1042, 1049 (¶ 27) (Miss.Ct. App.2008). "The requirement remains that there must be evidence to support the lesser . . . offense." Id.

A. Simple Assault As a Lesser-Included Offense of Aggravated Assault
¶ 17. Brooks was indicted under Mississippi Code Annotated section 97-3-7, which includes both attempted simple assault under subsection (1) and attempted aggravated assault under subsection (2).[3] "[A]ggravated assault and simple assault are carbon copies of each other, with the exception that aggravated assault requires the use of a deadly weapon." Wilson v. State, 936 So.2d 357, 364(¶ 19) (Miss.2006) (citing Hutchinson v. State, *867 594 So.2d 17, 19 (Miss.1992)). "This suggests that conduct which is simple assault under [s]ection 97-3-7(1) becomes aggravated assault under [s]ection 97-3-7(2) when done with a deadly weapon." Id. The question as to whether an instrument used in an assault is a deadly weapon is a question of fact for the jury to determine. Shanklin v. State, 290 So.2d 625, 627 (Miss.1974). However, in this case, both parties, during the jury instruction conference, agreed that a vehicle driven in a dangerous manner would be considered a deadly weapon.
THE COURT: Mr. Burdine, under whatwhat scenario would this be simple assault? Could the jury find that thethe vehicle is not a deadly weapon?
MR. BURDINE: No, they cannot, Your Honor. A vehicle is a deadly weapon. Can be a deadly weapon.
When prosecuted for aggravated assault under Mississippi Code Annotated section 97-3-7(2)(b), a defendant may not have the jury instructed on the lesser offense of simple assault under subsection (1) of this section where the defendant wielded what was indisputably a deadly weapon. Hutchinson, 594 So.2d at 19.
¶ 18. In addition, the language in the submitted simple assault jury instruction was not sufficient to support a charge of simple assault under section 97-3-7(1)(a). Specifically, the instruction charged the jury to find Brooks guilty of simple assault if it was proven that Brooks "purposefully or knowingly or recklessly attempted to cause bodily injury." As it was noted by the trial court that Brooks testified he never intended to harm anyone, the trial judge refused the instruction stating that he could not "think of a scenario where this could be simple assault, since we can no longer say he recklessly attempted to cause bodily injury."[4] We agree as a "court may refuse an instruction which incorrectly states the law." Heidel v. State, 587 So.2d 835, 842 (Miss. 1991).
¶ 19. Brooks now argues on appeal that the instruction for simple assault should have been granted as Brooks's actions could have been interpreted as an "attempt[ ] by physical menace to put another in fear of imminent serious bodily harm" under section 97-3-7(1)(c). However, the State argues that the issue of the simple assault instruction is procedurally barred as Brooks did not submit a simple assault instruction which presented the elements of the offense under 97-3-7(1)(c); rather the jury instruction submitted included the elements under 97-3-7(1)(a). Although counsel for Brooks attempted at trial to correct the submitted simple assault instruction in order to present correctly his theory of defense, we agree with the State's position. While a trial judge "has the responsibility either to reform and correct the proffered instruction" that is inadequate in form or content and "afford counsel a reasonable opportunity to prepare a new, corrected instruction," Harper v. State, 478 So.2d 1017, 1018 (Miss.1985), we cannot fault the trial judge for failing to divine that Brooks might be advancing a claim of attempted simple assault by physical menace. This theory was never mentioned by defense counsel.
¶ 20. Further, we find no evidence to support such an instruction. *868 There was no testimony or circumstantial evidence presented that Brooks might have been attempting to place the officers in fear of bodily injury rather than attempting the bodily injury itself. There was no evidence that Brooks drove up to Deputy Daniels and Trooper Gladney so as to place them in fear and then swerved to avoid them; both officers testified that they only avoided injury due to their taking evasive maneuvers.
¶ 21. Accordingly, we find that the trial judge was correct in his denial of a jury instruction based on attempted simple assault on a law enforcement officer.

B. Reckless Driving As a Lesser Non-included Offense to Aggravated Assault
¶ 22. Brooks also argues that, under the facts of the case, reckless driving constituted a lesser non-included offense of aggravated assault and, accordingly, an instruction should have been given to the jury as it supported Brooks's contention that he never had any intent to harm anyone involved in the chase. Although admitting that based on the video there was more than "ample evidence" to determine that Brooks was driving recklessly, the trial court denied the instruction.
¶ 23. Reckless driving is a separate statutory violation from aggravated assault. "The reckless driving statute makes it an offense to drive any vehicle in a manner which indicates a willful or wanton disregard for the safety of persons and does not provide a penalty (violation) for injury inflicted upon a person." Gray v. State, 427 So.2d 1363, 1365 (Miss.1983).[5] "It is separate and distinct from the aggravated assault statute which provides for an attempt to cause serious bodily injury or causes such injury." Id.
¶ 24. "If a lesser [non-included] offense, as opposed to a lesser-included offense, arises from the same operative facts and has an evidentiary basis," the Mississippi Supreme Court has held that "the defendant is entitled to an instruction for the lesser [non-included] charge the same as if it were a lesser-included charge." Moore v. State, 799 So.2d 89, 91 (¶ 7) (Miss.2001). A jury instruction for a lesser non-included offense should be granted "where there is evidentiary support that a defendant is guilty of a lesser charge arising from the same nucleus of operative facts." Green v. State, 884 So.2d 733, 737 (¶ 12) (Miss.2004) (citing Mease v. State, 539 So.2d 1324, 1329 (Miss.1989)). "In fact, proposed instructions should generally be granted if they are correct statements of law, are supported by the evidence, and are not repetitious." Id. at (¶ 13).
¶ 25. The dissent contends that the "jurisprudence pertaining to a court-created right to a lesser non-included offense instruction" developed from "unique facts" in Griffin v. State, 533 So.2d 444 (Miss.1988). However, we find Griffin not to be an anomaly. The Mississippi Supreme Court has called Griffin "the seminal case on lesser non-included offense instructions.[]" *869 Green, 884 So.2d at 737 (¶ 12). The supreme court has upheld its adherence to Griffin on numerous occasions, although, at times, finding that a lack of evidentiary basis precluded such instruction. Compare Delashmit v. State, 991 So.2d 1215 (Miss.2008) (acknowledging lesser-related offense instructions should be allowed, but finding defendant not entitled to instruction on misdemeanor indecent exposure as no reasonable jury could have found him not guilty of any element of the principal charge of having enticed a child for the purpose of engaging in sexually explicit conduct) with Green, 884 So.2d at 738 (¶ 16) (reversing and remanding for new trial as there was evidentiary basis for lesser non-included offense) and Richardson v. State, 767 So.2d 195 (Miss.2000) (reversing and remanding for new trial as denial of defendant's request for a lesser-included-offense instruction was error because the lesser-related offense of lustful touching was justified by the evidence; further, State could also have requested lesser related instruction as it was charged alternatively in the indictment) and Gangl v. State, 539 So.2d 132 (Miss.1989) (reversing and remanding for a new trial as the lesser non-included offense instruction was warranted; jury may have reasonably found defendant guilty of the lesser offense of accessory after the fact, but not guilty of being an accessory before the fact to the armed robbery). This Court has echoed the supreme court's holdings in these cases stating:
It seems to us that [there are] two competing interests: a defendant's right to have the jury instructed on his theory of defense and the State's interest in prohibiting the jury from returning what the State perceives as being a compromised verdict in cases where the evidence might be insufficient to support the greater charge but sufficient to support a lesser offense which is not a lesser-included offense of the greater charge. As between these two competing interests, it is clear the defendant should prevail.
Williams v. State, 797 So.2d 372, 379 (¶ 23) (Miss.Ct.App.2001).
¶ 26. The dissent also objects to the granting of the lesser non-included instruction based on the United States Supreme Court's ruling in Hopkins v. Reeves, 524 U.S. 88, 118 S.Ct. 1895, 141 L.Ed.2d 76 (1998). The Supreme Court in Hopkins stated that requiring a state to create lesser related offenses would be "not only unprecedented, but also unworkable." Id. at 97, 118 S.Ct. 1895. However, upon a closer reading of Hopkins, we find no express prohibition against lesser related offense instructions. In fact, the Supreme Court states: "Such an affirmative obligation is unquestionably a greater limitation on a State's prerogative to structure its criminal law. . . ." Id. (emphasis added). Based on the numerous holdings in Mississippi jurisprudence allowing such instructions, the Mississippi Supreme Court has clearly elected to exercise this prerogative, and we, "sitting as an intermediate appellate court, [are] obligated to follow precedent. . . ." See Kennedy v. State, 766 So.2d 64, 65 (¶ 3) (Miss.Ct.App.2000).
¶ 27. The State contends that the trial court did not err because no reasonable juror could have found Brooks not guilty of the principal charge set forth in the indictment. We disagree. The jury found Brooks not guilty on three counts of aggravated assault for which he was indicted. On the two counts at issue in this appeal, neither Trooper Gladney nor Deputy Daniels was injured. Nor was the evidence overwhelmingly conclusive or clear that Brooks intended to harm either one of them. The testimony of Brooks that he did not intend to harm the officers *870 was in direct conflict with that of the State's witnesses, who stated that Brooks headed straight for them. Taking the evidence in light most favorable to Brooks, as we must, the jury could well have found that, rather than attempting to hit Deputy Daniels with his car, Brooks was merely attempting to avoid running into Deputy Daniels's vehicle, which was blocking the road. Further, the jury might have concluded, from reviewing the video evidence, that Brooks went into Trooper Gladney's lane to allow more room for a car which had pulled over to the right side of the road, and that he did not attempt to hit Trooper Gladney or run him off the road. Therefore, we find that the trial court erred in not giving the jury the alternative instruction of reckless driving as the question of Brooks's intent was one for the jury under proper instruction.
¶ 28. We also note that the trial court appeared to base its denial of the reckless driving instruction on the fact that reckless driving charges were pending in a lower court.[6] However, the State has cited no authority for the proposition that the lesser non-included offense instruction should be denied when charges are pending elsewhere. We find the trial judge erred in refusing to give an instruction on the lesser non-included offense of reckless driving. The proposed lesser non-included offense instruction for reckless driving was a correct statement of the law, was warranted by the evidence, and was not repetitious. Therefore, the instruction should have been granted by the trial court. Accordingly, we reverse and remand for a new trial with the jury to be given additional jury instructions on reckless driving as requested by Brooks.

3. WHETHER THE COURT PROPERLY DENIED THE MOTION FOR JNOV AND MOTION FOR A NEW TRIAL.
¶ 29. At the end of the State's case-in-chief, the defense counsel made a motion for a directed verdict asserting that "this case doesn't reach the height of aggravated assault on a police officer or simple assault" and that, "at most, he should be charged with reckless . . . driving." The trial court denied the motion. Similarly, at the end of all the evidence, the defense counsel made a motion for JNOV and a motion for a new trial. These motions were also denied.

A. Sufficiency of the Evidence
¶ 30. There is "a distinction between the review of the denial of a motion for J.N.O.V. based on the legal sufficiency of the evidence and review of a motion for [a] new trial based on the weight of the evidence." Dunn v. State, 891 So.2d 822, 825 (¶ 19) (Miss.2005). "When reviewing the sufficiency of the evidence, this Court must ask whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Shumpert v. State, 935 So.2d 962, 966 (¶ 8) (Miss.2006) (citing Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss. 2005)). Although we have already determined *871 that the case must be reversed and remanded based on the issues discussed above, "[the JNOV] standard of review demands that the Court reverse and render if the facts, viewed in that light, point so overwhelmingly in favor of the defendant that reasonable men could not have arrived at a guilty verdict." Hawthorne v. State, 883 So.2d 86, 89 (¶ 8) (Miss.2004) (emphasis added).
¶ 31. This Court has held that "when an individual is charged pursuant to Mississippi Code Annotated [section] 97-3-7(2)(b)," as is the case here, the State is only required to show that the defendant's "injurious action must have been likely to cause such a result." Beyers v. State, 930 So.2d 456, 458 (¶ 8) (Miss.Ct.App.2006). Therefore, in order to meet its burden of proof, the State had to prove beyond a reasonable doubt that Brooks purposefully or knowingly attempted to cause bodily injury to the officers with a deadly weapon. (Emphasis added). There is no dispute that Brooks drove his car in a reckless manner. As we have already noted, the issue was whether he intended to hit the officers with his vehicle. Although Brooks avers that he had no such intent, the officers testified that he intentionally headed toward them. When there is conflicting testimony presented at trial, "it is the province of the jury to decide which witnesses are credible." Graves v. State, 984 So.2d 1035, 1040 (¶ 14) (Miss.Ct.App. 2008) (citations omitted). Viewing the evidence in the light most favorable to the prosecution, we find there to be sufficient evidence presented to prove the elements of attempted aggravated assault beyond a reasonable doubt.

B. Weight of the Evidence
¶ 32. Having determined that Brooks is entitled to a new trial, we find this issue moot.

4. WHETHER THE COURT'S SENTENCE WAS DISPROPORTIONATE.
¶ 33. Brooks was sentenced to twenty years on each of the two counts with the sentences to run consecutively. He argues that imposing such a harsh sentence on a conviction of first offense is unconstitutionally disproportionate resulting in cruel and unusual punishment. Again, having determined that Brooks is entitled to a new trial, we find that discussion of this issue is not appropriate at this time.

CONCLUSION
¶ 34. This Court reverses and remands this case to the circuit court for a new trial. The court should replace the deleted language in the indictments and allow the jury to consider the lesser non-included offense of reckless driving, which is supported by the evidence.
¶ 35. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY IS REVERSED AND REMANDED FOR A NEW TRIAL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER AND ISHEE, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MYERS, P.J., GRIFFIS AND ROBERTS, JJ.
CARLTON, J., DISSENTING:
¶ 36. I respectfully dissent to the opinion of the majority in this case on two dispositive issues and would affirm. I respectfully submit that the trial court did not err in allowing amendments of the indictment as to form, not substance, to omit surplusage language and that the trial court likewise did not err in refusing the *872 defense's proposed jury instruction as to the lesser non-included offense of reckless driving. I concur with the majority as to its determination of the remaining issues.

I. AMENDMENT OF INDICTMENT
¶ 37. The question of whether an indictment is fatally defective is a matter of law and given a fairly broad standard of review by an appellate court. Spears v. State, 942 So.2d 772, 773 (¶ 5) (Miss.2006). In considering the State's motion to amend the indictment, the trial court considered the statutory language of aggravated assault and the language of the indictment itself. The trial judge found that the indictment tracked the language of the statute and in no way altered any defense previously available prior to the amendment. The trial judge found that the language stricken from the indictment was not necessary and did not alter the charge. He found that the State still had the burden to prove the elements of the charge of aggravated assault upon a law enforcement officer as the elements themselves were quoted in the indictment. He explained that if the State did not put forth evidence going to each element of the charge, he would not let the case go to the jury.
¶ 38. "[A]ll indictments may be amended as to form but not as to the substance of the offense charged." Lee v. State, 944 So.2d 35, 40 (¶ 16) (Miss.2006) (quoting URCCC 7.09). An amendment is one of form rather than substance where the defense under the original indictment is equally available after the amendment, and the evidence the defendant may have is equally applicable to the pre- and post-amended indictment. Griffin v. State, 540 So.2d 17, 21 (Miss.1989).
¶ 39. Brooks's assertion that the amendments destroyed his defense that he never intended to use his car to cause bodily injury to any of the officers is without merit. In fact, Brooks asserted this defense and testified that he had no intention of hitting anyone or causing injuries to anyone with his vehicle. Furthermore, his defense counsel strongly summed up Brooks's defense during closing arguments asserting that every time Brooks got near people he avoided them, went around them, and essentially avoided any attempt to injure or hurt anyone. Defense counsel continued throughout the remainder of his closing argument to attempt to show that Brooks had not intended to hurt the officers with his vehicle. Clearly, Brooks's asserted defense to the aggravated assault charges was equally available after the indictment was amended. Moreover, the evidence Brooks received through discovery was equally applicable to the pre- and post-amended indictment. The language of the indictment clearly set forth the charge as to the two counts of aggravated assault on a law enforcement officer. They are as follows:
Count Two charged that Brooks "on or about the 11th Day of February, 2003, in the county aforesaid, did unlawfully, wilfully, feloniously, purposefully, and knowingly attempt to cause bodily injury to Trooper Steve Gladney, a law enforcement officer with the Mississippi Highway Patrol, at a time when the said Trooper Steve Gladney was acting within the scope of his official duties and office."
Count Four charged that Brooks "on or about the 11th Day of February, 2003, in the county aforesaid, did unlawfully, wilfully, feloniously, purposefully, and knowingly attempt to cause bodily injury to Deputy Dennis Daniels, a law enforcement officer with the Oktibbeha County Sheriff's Department, at a time when the said Deputy Daniels was acting within the scope of his official duties and office."
*873 As such, the amendments to the indictment were of form, rather than substance, and wholly permissible.
¶ 40. The clear and unambiguous language of the indictment is taken directly from the pertinent code section, Mississippi Code Annotated section 97-3-7(2)(b) (Supp.2008), which provides that a person is guilty of aggravated assault of a police officer if he "attempts to cause or purposefully or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm[.]" The indictment clearly stated that Brooks was charged with aggravated assault on a police officer and listed the applicable statute section number across the top of the indictment. The statute provides that when one attempts to cause bodily injury with a deadly weapon or other means likely to produce death, one is guilty of aggravated assault, not attempted aggravated assault. A review of the history of Mississippi jurisprudence in this area reflects that had Brooks been charged under the general attempt statute, Mississippi Code Annotated section 97-1-7 (Rev.2006), the State would have been required to articulate the overt act in the indictment. White v. State, 851 So.2d 400, 403 (¶ 5) (Miss.Ct.App.2003) (citing Maxie v. State, 330 So.2d 277, 278 (Miss.1976)). However simply because one may be guilty of aggravated assault for attempting to cause bodily injury by a means likely to produce death does not mean that an indictment for aggravated assault must contain an overt act as required for an indictment for the separate and distinct offense of attempt. See, e.g., Edwards v. State, 500 So.2d 967, 968-69 (Miss.1986); McCullum v. State, 487 So.2d 1335, 1338 (Miss. 1986).
¶ 41. In Edwards, the appellant was indicted for attempted armed robbery under the general attempt statute. In noting that Edwards's indictment included the overt acts committed in furtherance of the attempt, the supreme court specifically pointed out the following:
We keep in mind that [the] appellant was indicted for a separate and distinct offense, viz, an attempt to commit a crime. Such a crime consists of three elements: (1) an intent to commit a particular crime; (2) a direct ineffectual act done toward its commission; and (3) the failure to consummate its commission.
Edwards, 500 So.2d at 969 (citing Bucklew v. State, 206 So.2d 200, 202 (Miss. 1968)). It is significant that armed robbery may be completed by an attempt to take, just as an aggravated assault may be completed by an attempt to cause bodily harm. Miss.Code Ann. § 97-3-79 (Rev.2006). The State argues that the above excerpted language from Edwards stands for the proposition that only an indictment for attempt, that is, general attempt in violation of Mississippi Code Annotated section 97-1-7, necessitates that the indictment include an overt act.
¶ 42. In McCullum, the appellant was indicted for and convicted of welfare fraud. McCullum, 487 So.2d at 1336. On appeal, McCullum argued that she was indicted for attempted welfare fraud. However, the State proved, and she was convicted of, the completed act of welfare fraud. Id. at 1338. Rejecting this argument, the supreme court stated the following:
Without doubt under our law an attempt is an offense separate from the completed offense and it is indictable and punishable as such. Miss.Code Ann. § 97-1-7 (1972); Mason v. State, 430 So.2d 857 (Miss.1983).
The argument is wide of the mark here because the principal offense of welfare fraud is defined to include the attempt to receive an unauthorized welfare payment. Section 97-19-71(4)(b) provides *874 that among those guilty of welfare fraud is any person who "attempts to receive. . . unauthorized payment . . . [.]" Attempts are also a part of the principal offenses of welfare fraud as defined in Sections 97-19-71(2)(b), (3), and (4)(a). Where the principal offense by statute is defined to include an attempt, an indictment for the principal offense is in no way defective which employs the word "attempt[.]" See Harris v. State, 445 So.2d 1369 (Miss.1984).
Id. A logical extension of the McCullum court's analysis includes the State's argument that not every completed crime which is defined by statute to include an attempt to commit that crime must include an overt act in the indictment, as is required for a general attempt, because general attempt is a separate and distinct crime.
¶ 43. Brooks does cite to one case, Joshua v. State, 445 So.2d 221 (Miss.1984), in which the supreme court held that an indictment for aggravated assault was "substantially defective in that [the indictment] did not set out any alleged overt act whatsoever regarding the appellant's attempt to cause bodily harm to the patrolman." Id. at 223. However, none of the cases cited in the Joshua analysis stand for the proposition that an overt act must be contained in an indictment for aggravated assault. For example, the Joshua court relied on Bucklew v. State, 206 So.2d at 204, which overturned Bucklew's attempted embezzlement conviction because the State failed to prove an overt act showing that Bucklew attempted to embezzle funds from the city. The question in Bucklew was one of legal sufficiency. Id. Nowhere in the Bucklew opinion did the court state that an overt act was required to be set forth in the indictment for attempted embezzlement, where Bucklew was charged under an embezzlement statute rather than the general attempt statute.
¶ 44. The Joshua court also relied on Jackson v. State, 420 So.2d 1045 (Miss. 1982). In Jackson, the appellant was convicted of two counts of fourth degree arson, among other charges. Id. at 1045-46. Jackson's indictment on the fourth degree arson charges stated that he "willfully, maliciously, unlawfully, and feloniously attempted to burn a building, to-wit: a store building belonging to J.C. Wooten." Id. at 1046. The statute Jackson was charged with violating makes it a crime to "wilfully and maliciously attempt[ ] to set fire to or attempt[ ] to burn . . . any of the buildings or property mentioned in the foregoing sections. . . ." Miss.Code Ann. § 97-17-9(1) (Rev.2006). On appeal, Jackson argued that the indictment was substantially defective for failing to allege an overt act toward the commission of the crime charged. Jackson, 420 So.2d at 1046. The Jackson court found that the indictment's use of the statutory language was sufficient because the fourth degree arson statute "clearly makes an attempt to burn the structures described in the indictments a violation of the law if done willfully and maliciously." Id. at 1048. The court went on to note that the cases relied on by Jackson to support his argument that the indictment was void for failure to articulate an overt act were inapplicable because the indictments in those cases charged violations of Mississippi Code Annotated section 97-1-7, the general attempt statute. Id. For this reason, Joshua is contrary to and does not follow Jackson, which is one of the very cases relied upon by Joshua in reaching the conclusion that an indictment for aggravated assault requires a statement of an overt act committed by the defendant. Joshua did not distinguish Jackson or overrule Jackson. See Joshua, 445 So.2d at 222. Alternatively, Joshua quoted Jackson in stating that if the offense *875 is fully and clearly defined in the statute, an indictment in the language of the statute is sufficient. Id. at 223. The Jackson court cited to numerous cases where the supreme court has held that an indictment was sufficient to charge an offense by using only the words of the statute. Jackson, 420 So.2d at 1047 (citing Norwood v. State, 258 So.2d 756 (Miss. 1972); State v. Labella, 232 So.2d 354 (Miss.1970); Love v. State, 211 Miss. 606, 52 So.2d 470 (1951); State v. Needham, 182 Miss. 663, 180 So. 786 (1938); State v. Coltharp, 176 Miss. 883, 170 So. 285 (1936); State v. Snowden, 164 Miss. 613, 145 So. 622 (1933); State v. S. Ry. Co., 112 Miss. 23, 72 So. 837 (1916)).
¶ 45. Applying this established law cited above to the case at bar, the Honorable Jim Kitchens, circuit judge, reviewed the indictment in this case and found that the indictment tracked the language of the statute and that the stricken language was not necessary. He found that the amendment allowing the excess wording to be omitted did not alter the charge in that the indictment still required the State to prove the elements of the charge as set forth in the statute for aggravated assault on a law enforcement officer.
¶ 46. Because the amendments to the indictment were as to form only, and because the State was not required to articulate an overt act in the indictment, Brooks has failed to show that the trial court erred in allowing the amendments.

II. LESSER NON-INCLUDED OFFENSE OF RECKLESS DRIVING
¶ 47. I respectfully submit that the trial court did not err in refusing Brooks's proposed lesser non-included instruction on reckless driving. The Mississippi Supreme Court has held that if a lesser offense, as opposed to a lesser-included offense, arises from the same operative facts and has an evidentiary basis, the defendant was entitled to an instruction on the lesser charge. This jurisprudence, pertaining to a court-created right to a lesser non-included offense instruction, developed from the unique facts in the case of Griffin v. State, 533 So.2d 444 (Miss. 1988).[7] However, Mississippi Code Annotated section 99-19-5 (Rev.2007) only requires an instruction on a lesser charge if the lesser charge is a lesser-included offense that arises from the charge for which a defendant is indicted. Section 99-19-5(1) provides:
On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.
¶ 48. The Mississippi Supreme Court has held that notice of a superior charge in an indictment will stand for notice of a lesser-included offense. However, the supreme court has refused to allow notice of a superior charge to suffice for a lesser unindicted offense. Hailey v. State, 537 So.2d 411, 416-17 (Miss.1988). The supreme court found an indictment for forcible rape did not sufficiently inform Hailey that he might face a charge of felony child fondling. Id. The supreme court has also held that an indictment for felony child abuse did not place a defendant on notice as to a possible charge of misdemeanor *876 contributing to the neglect of a child. Moore v. State, 799 So.2d 89, 90-91 (¶ 5) (Miss.2001). The supreme court found that if the State proved the elements of felony child abuse, it would not follow that all the elements of child neglect were also proven. Id. at (¶ 5) (citing Payton v. State, 642 So.2d 1328, 1334 (Miss.1994)). These cases establish that a defendant in a criminal case can be found guilty of a lesser offense for which he was not indicted, so long as it is necessarily a lesser-included offense of the offense charged, or if it was a lesser non-included offense upon which the defendant requested a jury instruction. Moore, 799 So.2d at 91 (¶ 7). Thus, this court-created right to a lesser non-included instruction effectively allows a defendant to choose the crime for which he is indicted. Similarly, in this case, reckless driving is not a lesser-included offense of aggravated assault on a law enforcement officer. Reckless driving has the additional element of operation of a motor vehicle; therefore, the elements are not encompassed within the charged aggravated assault on a law enforcement officer.
¶ 49. The United States Supreme Court rejected the concept of a court-created right to a lesser non-included offense instruction. In fact, the Supreme Court stated that such a right would be "not only unprecedented, but also unworkable. Under such a scheme, there would be no basis for determining the offenses for which instructions are warranted." Hopkins v. Reeves, 524 U.S. 88, 97, 118 S.Ct. 1895, 141 L.Ed.2d 76 (1998). As the Hopkins Court discussed, the State has the burden of choosing which crime to indict a defendant upon, as well as producing evidence to support each element. If a jury is allowed to find elements proven beyond a reasonable doubt that the State did not attempt to prove, and even ignored at trial, the jury process is rendered less rational. Id. at 99, 118 S.Ct. 1895 (citing Spaziano v. Florida, 468 U.S. 447, 455, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984)). Our State's due process considerations under Article 3, Section 14 of the Mississippi Constitution of 1890, and Mississippi Code Annotated section 99-19-5, only require lesser-included offense instructions and in my view only allow such.
¶ 50. The current case exemplifies what the United States Supreme Court projected as unworkable jurisprudence lacking constitutional and statutory legs. It is noteworthy that the record in this case reflects that misdemeanor reckless driving charges were pending in justice court at the time of trial. Normally, double jeopardy would not attach to two offenses overlapping from the same transaction or occurrence so long as one of the offenses contained an element not present in the other. Graves v. State, 969 So.2d 845, 847 (¶¶ 8-9) (Miss.2007) (citing Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). If the reckless driving misdemeanor charges had been tried in justice court, no double jeopardy would have attached to prevent the State from proceeding to trial on the felony charges of aggravated assault on a law enforcement officer. See Hailey, 537 So.2d at 416; Miss.Code Ann. § 99-19-5(1). The two offenses are separate and distinct in their elements. Aggravated assault on a law enforcement officer fails to encompass the elements of reckless driving, i.e., the additional element of operation of a motor vehicle.
¶ 51. An accused should not have the right to search the statute books for some other related, but not lesser-included, offense with lesser punishment and insist upon an instruction on that crime. Barber v. State, 743 So.2d 1054, 1059 (¶ 19) (Miss. Ct.App.1999) (Southwick, J., dissenting). Otherwise, Brooks in this case should just *877 request a speeding instruction. Why not? Judge Southwick explained in his dissent in Barber that this extraordinary court-made doctrine was justified by the court in Griffin because the evidence on the indicted charge was weak, and there was an enormous disparity in the maximum punishments between the crimes of rape-life imprisonment-and simple assault-six months' imprisonment and a fine. Id. at 1058 (¶¶ 14-16) (discussing Griffin, 533 So.2d at 447-48). In Griffin, the defendant asserted the defense of consensual sex, but admitted to striking the victim with his hand, i.e., simple assault. Id. at 446.
¶ 52. In Barber, Judge Southwick in his dissent argued that the extraordinary court-made doctrine should not apply because the evidence was not weak and that such a doctrine should only be applied in restricted circumstances, if at all. Barber, 743 So.2d at 1059 (¶ 18). He explained that the accused should not have the unrestricted right to search the statute books for some other related, but not lesser-included, offense with a lesser punishment, and insist upon an instruction on that crime. Id. at (¶ 19). Judge Southwick wisely counseled to continue to restrict the applicable situations for utilizing this court-created doctrine of lesser-related instructions, unless the lesser-offense doctrine is just abolished or abandoned all together. Id. at 1059 (¶¶ 18-19).
¶ 53. In warning against the use of this "extraordinary" lesser-related-offense-instruction doctrine, Judge Southwick also points to a related well established criminal law doctrine that provides that even if the same facts support the conviction of two different crimes with much different punishments, the grand jury can indict for the greater, and there is no obligation that a lesser offense also be charged to the jury. Id. at 1058 (¶ 15). Even where there are two statutes covering the same crime, and there is a difference in the penalty between the two statutes, the State is under no obligation to prosecute under the statute with the lesser penalty. The State may choose to prosecute under either, and so long as the choice is clear and unequivocal, the defendant has no right to complain. Barber, 743 So.2d at 1058 (¶ 16).
¶ 54. Utilizing the logic of Griffin, as explained by Judge Southwick, the lesser-related-offense doctrine should not be applied in the case before us since this case does not meet the first hurdle for use of such an extraordinary doctrine. The evidence in this case supporting the two counts of aggravated assault upon Deputy Daniels and Trooper Gladney is ample. The eye-witness testimony of Officer Fultz, Deputy Daniels, Officer Phelps, Officer Coleman, and Trooper Gladney as to the crash, which ended the chase, and the videotape of the pursuit, provided a more than sufficient basis from which the jury could find Brooks guilty of two counts of aggravated assault upon Deputy Daniels and Trooper Gladney. See, e.g., Randolph v. State, 852 So.2d 547, 555 (¶ 16) (Miss. 2002) ("reversal can only occur when the evidence of one or more of the elements of the charged offense is such that `reasonable and fair-minded jurors could only find the accused not guilty'").
¶ 55. Based on the foregoing, I respectfully dissent.
MYERS, P.J., GRIFFIS AND ROBERTS, JJ., JOIN THIS SEPARATE WRITTEN OPINION.
NOTES
[1] Similar deletions were made to counts one, three, and five; however, as Brooks was acquitted of these charges, they are not at issue on appeal.
[2] The contention is that all cases prior to Joshua can be distinguished based upon the fact that they were brought under the general attempt statute, Mississippi Code Annotated section 97-1-7, rather than under the attempt provision of aggravated assault, Mississippi Code Annotated section 97-3-7(2).
[3] Mississippi Code Annotated section 97-3-7(1) and (2) (Supp.2008) states:

(1) A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm; and, upon conviction, he shall be punished by a fine of not more than Five Hundred Dollars ($500.00) or by imprisonment in the county jail for not more than six (6) months, or both. However, a person convicted of simple assault (a) upon a . . . . law enforcement officer . . . acting within the scope of his duty, office or employment; . . . shall be punished by a fine of not more than One Thousand Dollars ($1,000.00) or by imprisonment for not more than five (5) years, or both.
(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; and, upon conviction, he shall be punished by imprisonment in the county jail for not more than one (1) year or in the Penitentiary for not more than twenty (20) years. However, a person convicted of aggravated assault (a) upon a . . . law enforcement officer . . . acting within the scope of his duty, office or employment; . . . shall be punished by a fine of not more than Five Thousand Dollars ($5,000.00) or by imprisonment for not more than thirty (30) years, or both.
(Emphasis added).
[4] Although not specifically citing a case, the trial judge's ruling mirrored the precedent established by the Mississippi Supreme Court's holding in Morris v. State, 748 So.2d 143, 146 (¶ 10) (Miss.1999) (the terms "intentional" and "reckless" are mutually exclusive when applied to Mississippi Code Annotated section 97-3-7 (Supp.1991)).
[5] The reckless driving statute, Mississippi Code Annotated section 63-3-1201 (Rev. 2004), states:

Any person who drives any vehicle in such a manner as to indicate either a wilful or a wanton disregard for the safety of persons or property is guilty of reckless driving. Every person convicted of reckless driving shall be punished upon a first conviction by a fine of not less than Five Dollars ($5.00) nor more than One Hundred Dollars ($100.00), and on a second or subsequent conviction he may be punished by imprisonment for not more than ten (10) days or by a fine of not exceeding Five Hundred Dollars ($500.00), or by both.
[6] There is no indication in the record whether the pending charges were related to the specific encounters with the law enforcement officers at issue in this case. In any event, as the other charges for reckless driving were still pending in lower court, there was no issue of double jeopardy as "a necessary element of [a] double jeopardy claim [is] an actual acquittal or conviction." Rush v. State, 749 So.2d 1024, 1027 (¶ 12) (Miss. 1999). Further, as the dissent notes, since each crime has separate and distinct elements, double jeopardy is not implicated. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[7] Griffin was indicted for rape, but at trial, he testified that he and the alleged victim engaged in consensual sex earlier in the evening, but later and at a different physical setting, they quarreled which culminated in his striking the victim with his hand.