DIAZ, J.,
for the Court:
¶ 1. Safari Clayborne appeals the decision of the Oktibbeha County Circuit Court convicting him of simple assault on a law enforcement officer. Clayborne raises the following issues on appeal: (1) whether the trial court erred in refusing to grant his motion for a directed verdict, request for peremptory instruction, and motion for JNOV, or alternatively, the motion for a new trial, (2) whether the jury verdict was based upon legally sufficient evidence, or alternatively, was against the weight of the evidence, and (3) whether the trial court erred in refusing to grant any and all instructions on the lesser offense of resisting arrest, which denied him the opportunity to pursue a different defense theory of the case. Finding issue three dispositive, we reverse and remand for a new trial consistent with this opinion.
FACTS
¶ 2. On July 27, 1996, Safari Clayborne was arrested for simple assault on a police officer, Oktibbeha County Deputy Sheriff Tommy Whitfield. Officers Whitfield and Rick Sharp responded to a disturbance call at Clayborne’s house and observed him leaving in an automobile as they arrived. The resulting car chase ended when Clay-borne drove his car off the road, and he exited the vehicle.
¶ 3. The officers then attempted to arrest Clayborne, but he continued to elude them or break free from their grasp despite being sprayed with pepper mace. The officers tackled Clayborne and while they had him face down on the ground, he allegedly struck Officer Whitfield with the officer’s hand held radio.
¶ 4. Thereafter, he was successfully subdued and arrested. Then, Clayborne proceeded to trial. His motions requesting a directed verdict, preemptory instruction, JNOV, and jury instructions with the lesser offense of resisting arrest were denied. After a jury trial, Clayborne was found guilty and sentenced to five years in prison. Feeling aggrieved, he perfects this appeal.
DISCUSSION
¶ 5. Trial courts should instruct juries about the defendant’s theory in the case if it is supported by the evidence, no matter how meager or unlikely. Manuel v. State, 667 So.2d 590, 593 (Miss.1995). A lesser-included-offense instruction should be granted where there is an evidentiary basis in the record for it. Lee v. State, 469 So.2d 1225, 1230 (Miss.1985). Common sense dictates that if someone resists too strongly it becomes an assault, and therefore, resisting arrest is clearly a lesser-included-offense of simple assault on an officer. Murrell v. State, 655 So.2d 881 (Miss.1995) (holding that resisting arrest is lesser offense of assault on an officer).
¶ 6. In the case sub judice, both officers testified that Clayborne was resisting arrest when the incident occurred. Clayborne’s theory of the case was that he was guilty of resisting arrest instead of simple assault on an officer. However, the trial court confused the issues and the jury by interjecting that there was no right to resist a lawful arrest, and then added, “especially when the defendant never asserted that he had any right to resist arrest.” Additionally, the trial court told the jury that it could not find Clayborne guilty of resisting arrest and refused to *497 allow the jury to consider the lesser offense of resisting arrest. Therefore, the only verdict that the jury could return was that Clayborne was guilty of simple assault. In essence, the trial court denied Clayborne any defense at all.
¶ 7. Nonetheless, the State urges this Court to overrule Griffin v. State, 533 So.2d 444, 448 (Miss.1988) and its progeny including Murrell, and instead adopt the reasoning of Payton v. State, 642 So.2d 1328, 1335 (Miss.1994), which held that the defendant was not entitled to jury instructions for both felonious and misdemeanor child abuse even though misdemeanor child abuse could be characterized as a lesser included offense of felonious child abuse. In Payton, the Mississippi Supreme Court also stated that whether an instruction on the lesser offense is required is determined by the state of the evidence. Id. Payton is distinguishable from Griffin, Murrell, and the present case because there was no evidence in Payton to even suggest that the actions of the defendant were anything other than actions likely to produce serious bodily harm which is characterized as felonious child abuse. Id. Since the arresting officers in this case testified that Clayborne was resisting arrest when the incident occurred, evidence was present at trial that the lesser offense of resisting arrest was a reasonable alternative for the jury to consider during its deliberations.
¶ 8. Therefore, since the offense of resisting arrest is a lesser offense of assault on an officer, and the trial judge denied the jury instruction to that effect, we reverse and remand this case with instructions for the trial judge to include the lesser offense of resisting arrest in its instructions to the jury upon retrial should the evidence be the same upon retrial.
¶ 9. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT OF SIMPLE ASSAULT ON AN OFFICER WITH FIVE YEARS TO SERVE IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE TAXED TO OKTIBBEHA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.