KING, P.J.,
for the Court:
¶ 1. Eddie Lamont Henderson (Henderson) was convicted of simple assault upon a law enforcement officer by the Circuit Court of Panola County and was sentenced to serve two years in the custody of the Mississippi Department of Corrections with three years post release supervision.
¶ 2. Aggrieved by his conviction, Henderson perfected this appeal and raises the following issues taken verbatim from his brief: 1.) The trial court erred in denying proposed jury instruction D-2 (resisting arrest); 2.) The verdict of guilty of simple assault upon a law enforcement officer is against the overwhelming weight of the evidence’; 3.) The trial court erred in denying Appellant’s Motion for a New Trial and in the Alternative for a Judgment Notwithstanding the Verdict.
FACTS
¶ 3. On October 27,1998, the Grand Jury of Panola County indicted Henderson for aggravated assault of a law enforcement officer. Trial of this matter was held on March 22, 1999. Officer Jamie Tedford (Tedford), a uniformed patrol officer of the Batesville Police Department, testified on behalf of the State.
¶ 4. On the morning of May 17, 1998, Tedford was dispatched to Lester Street to investigate a report of a stolen vehicle. While investigating this incident, Tedford was dispatched to the Lester Street Apartments to respond to a report of a broken window. He was advised to be on the look out for Henderson. Patrice Scott (Scott), who reported the broken window, lived in the second building at Lester Street Apartments. Prior to reporting the incident to the police, Scott questioned Henderson regarding his possible involvement in breaking her window. The window that was broken faced a sidewalk shared with the first building. Tedford observed Henderson leaving the vicinity of the first apartment building. Tedford, approximately ten to twelve feet from Henderson, asked him to stop. Henderson immediately denied breaking the window. He said nothing else to Tedford and did not stop. Tedford noticed Henderson’s car parked in the street approximately four feet from the curb. As Tedford approached, Henderson was getting into the car. By the time Tedford reached the front of the car, Henderson started it and drove forward. Tedford, who was in the direct path of the car, jumped out of the way. Tedford testified that “the window caught my left arm, the mirror [sic] did of the car caught my left arm and just kind of rolled my hand around the mirror part of the mirror [sic] and hit on the window telling him to stop again as he drove down Vance Street, [sic] And I let go and he kept going.”
*1049 ¶ 5. Tedford testified that he attempted to stop Henderson for the sole purpose of questioning him. Tedford wanted to question Henderson because he was reported as a suspect involving the broken window and because Henderson was coming from the direction of the broken window. Ted-ford testified, however, that it is standard police department policy to question everyone near a crime scene.
¶ 6. Lieutenant Jimmy McCloud, who was on duty May 17,1997, testified that he received a call, from either dispatch or Tedford, to be on the look out for Henderson. McCloud located Henderson while on patrol. Henderson ran a stop sign, and McCloud then flashed his lights and siren in an attempt to stop Henderson. McCloud turned his patrol car around and followed Henderson for approximately six miles before abandoning the pursuit.
¶ 7. The State rested after McCloud’s testimony. The defense motion for a directed verdict was denied, and Henderson was called as the defense’s first witness.
¶ 8. Henderson testified to having gone to the Lester Street Apartments the morning of May 17, 1997 to retrieve his clothing from his girlfriend, Sherry Goins’s (Goins), apartment. Goins lived in building one of the Lester Street Apartments. She refused to let him in. However, he talked to her for about fifteen minutes through the kitchen window. Some children ran by and threw an object at him, but missed and instead broke the window of Scott’s apartment. Henderson told Scott that he did not break her window, but Scott called the police anyway. Henderson walked away and got in his car which was parked along the curb. Because his car was bumper to bumper with the car parked in front, Henderson reversed, backed up and then pulled forward away from the curb. When Henderson arrived home, his parents indicated he was being sought by the police for having struck a policeman with his car. Henderson left home and went to a local pool hall. On cross-examination, Henderson stated that Tedford was “just pulling up” when he left the Lester Street Apartments.
¶ 9. After the State finally rested, Defendant’s motion for directed verdict was denied by the trial Court. Henderson was found guilty of simple assault upon a law enforcement officer and sentenced to two years in the custody of the Mississippi Department of Corrections with three years post release supervision. After Henderson’s post trial motions were denied, this appeal followed.
Analysis
I.
The trial court erred in denying proposed jury instruction D-2 (resisting arrest).
¶ 10. Henderson contends that a lessor-included-offense instruction for resisting arrest should have been submitted to the jury as an additional alternative defense. “A lesser-included-offense instruction can be given only if there is an evidentiary basis for it and such an instruction cannot be given on the basis of speculation.” Reddix v. State, 731 So.2d 591, 594 (Miss.1999). The record contains no evidence that Officer Tedford attempted to arrest Henderson. Officer Tedford testified, even though Henderson had an outstanding warrant, he was not attempting to serve the warrant or to arrest Henderson. His purpose in asking Henderson to stop was to question him as he would any individual in the vicinity of a crime scene. Henderson’s own testimony does not indicate that an arrest was being made. Henderson repeatedly denied seeing Officer Tedford at the Lester Street Apartments and also denied being pursued by Officer McCloud. “Trial courts should instruct juries about the defendant’s theory in the case if it is supported by the evidence.” Manuel v. State, 667 So.2d 590, 593 (Miss.1995). The evidence did not support an instruction for resisting arrest. The trial court was correct in refusing to grant a jury instruction on resisting arrest.
*1050 ¶ 11. This assignment of error is without merit.
¶ 12. Finding merit in Appellant’s assignment of errors II and III, the Court deems it appropriate to consider issues II and III collectively.
II.
Whether the Verdict of Guilty of Simple Assault Upon a law Enforcement officer is Against the Overwhelming Weight of the Evidence.
III.
Whether the Trial Court Erred In Denying the Appellant’s Motion for a New Trial and in the Alternative For a JNOV.
¶ 13. Henderson, citing Murrell v. State, 655 So.2d 881 (Miss.1995), as primary authority, contends that the verdict of guilty was against the overwhelming weight of the evidence. The Murnll court held that in simple assault prosecutions the State has the burden to prove “bodily injury”. Absent this proof the State fails to meet its burden to prove simple assault upon a law enforcement official. Id. at 885.
¶ 14. There was no evidence presented which indicated that Tedford suffered any bodily injury or pain. The defense did establish that no medical treatment was sought or received as a result of the incident. After the alleged assault, Tedford continued his investigation of the broken window without the need for medical assistance.
¶ 15. The State contends that bodily injury [pain] can be inferred simply because an automobile was involved. “Circumstantial evidence should be supportive of, not in lieu of, the direct testimony readily at hand.” ■ Id. Tedford testified at trial and could have easily been questioned regarding the extent of his injuries and pain suffered, if in fact he did. If there is no bodily injury [or pain], then Henderson is not guilty of simple assault. Id. at 886.
¶ 16. Because the State failed to prove bodily injury, we reverse on this issue.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS ARE ASSESSED AGAINST PANOLA COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.