MYERS, J.,
for the Court.
¶ 1. On February 5, 2004, Eugene Davis was found guilty of aggravated assault in the Circuit Court of Oktibbeha County. On February 6, 2004, the court sentenced Davis, in accordance with Mississippi Code Annotated § 99-19-83, to serve the remainder of his life without eligibility for parole or probation in the custody of the Mississippi Department of Corrections. On May 5, 2004, the court denied Davis’s motion for a new trial. Aggrieved by the trial court’s decision, Davis raises one issue on appeal:
I. WHETHER OR NOT THE TRIAL COURT PROPERLY DENIED DAVIS’S JURY INSTRUCTION ALLOWING THE JURY TO CONSIDER THE LESSER-INCLUDED OFFENSE OF RESISTING ARREST.
¶ 2. Finding no reversible error, we affirm the judgment of the circuit court.
*305 FACTS
¶ 3. On November 24, 2003, Moultrie Lacey, an officer with the Starkville Police Department, escorted prisoners from city court to the Oktibbeha County Jail. As Officer Lacey was escorting the prisoners to his car, he saw Davis pick up a cigarette butt off of the ground and place it in his pants. After Officer Lacey arrived at the jail with the prisoners, he told the jailers that Davis should be searched, since the Oktibbeha County Jail is a smoke — free facility. One of the jailers, Ed Blasingame was attempting to search Davis when Davis attacked him. Blasingame then sprayed Davis with pepper spray, and Davis attempted to run from the room where he was being searched. Officer Lacey intercepted him. Blasingame and Lacey then tried to take Davis down to the padded cell. A fight ensued, and Davis began kicking and punching Lacey. Davis also grabbed another jailer’s asp baton and attempted to hit Lacey with it. The other jailers and a prisoner finally restrained Davis. Lacey was not hit by the baton but suffered injuries as a result of this attack. Davis was subsequently charged with aggravated assault. On February 5, 2004, a jury in Oktibbeha County Circuit Court found Davis guilty of the lesser-included offense of simple assault. On February 6, 2004, Davis was sentenced as a habitual offender under Mississippi Code Annotated § 99-19-83 (Rev.2000), to a life sentence in the custody of the Mississippi Department of Corrections.
LEGAL ANALYSIS
I. WHETHER OR NOT THE TRIAL COURT PROPERLY DENIED DAVIS’S JURY INSTRUCTION ALLOWING THE JURY TO CONSIDER THE LESSER-INCLUDED OFFENSE OF RESISTING ARREST.
¶4. Davis claims that the jury should have been instructed to consider the lesser-included offense of resisting arrest. Davis claims this exclusion was important since the crime of resisting arrest is a misdemeanor. Had Davis been convicted of this crime he would not have faced life in prison without the possibility of parole. The State asserts that there is no evidence that Davis was being arrested; therefore, the trial court’s ruling refusing the instruction was proper.
STANDARD OF REVIEW
¶ 5. This Court reviews jury instructions by reading the instructions as a whole in determining whether the trial court erred in granting or refusing to grant certain instructions. Collins v. State, 691 So.2d 918, 922 (Miss.1997). If the instructions create no injustice, and they fairly announce the law of the case, then no reversible error will be found. Id.
DISCUSSION
¶ 6. An instruction for a lesser-included offense may only be given by the trial court when there is an evidentiary basis for that instruction, and such instruction cannot be given based upon speculation. Reddix v. State, 731 So.2d 591, 594(¶ 15) (Miss.1999); see Taylor v. State, 763 So.2d 913 (Miss.Ct.App.2000); Lee v. State, 469 So.2d 1225, 1230 (Miss.1985). The facts presented need to support the lesser-included offense. Davis is asking this Court to rule that the instruction regarding resisting arrest should have been given to the jury. His argument is merit-less. Davis was in custody when this altercation occurred, not being arrested.
¶ 7. Davis’s reliance on Odem v. State, 881 So.2d 940 (Miss.Ct.App.2004) is misplaced. Davis relied on Odem in explaining that resisting arrest is a lesser-included offense of simple assault, which is *306 what the jury found Davis guilty of. Id. at 944(¶ 11). Resisting arrest is considered a lesser-included offense of simple assault when the defendant is being arrested when the incident occurs. In Odem, the defendant was being arrested when the altercation occurred. Id. That is a crucial difference to the present case. According to Mississippi Code Annotated § 97-9-73 (Rev.2000), it is unlawful for any person to resist or obstruct by violence, force or in any other manner his lawful arrest. Davis had previously been arrested and was in police custody when this incident occurred. This statute therefore does not apply to him. Since there was no evidence shown that Davis was being arrested at the time the assault occurred, the denial of the jury instruction by the trial court was proper. See Henderson v. State, 758 So.2d 1047 (Miss.Ct.App.2000). Therefore, we do not find that the trial court abused its discretion in not granting Davis’s jury instruction regarding resisting arrest.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION OF SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.