MAXWELL, J„
for the Court:
¶ 1. At the close of Joseph Edwards’s trial for simple assault on a law enforcement officer, the State — over Edwards’s objection — requested and was granted an instruction on misdemeanor resisting arrest as a lesser-included offense. Edwards was convicted of resisting arrest and, on appeal, argues the judge erred in giving what was actually a lesser-wow-included offense instruction — which the State is not entitled to request.
¶ 2. While this court and the supreme court have previously deemed resisting arrest a lesser-included offense of simple assault on a law enforcement officer, Edwards argues those cases were wrongly decided. He asks that we strictly compare the elements of the two statutory crimes without considering the particular facts of the charged assault. But the Mississippi Supreme Court instructs that we not consider the elements of the crimes in isolation but instead in the context of “the circumstances” under which they were allegedly committed.
¶ 3. Because the State offered proof Edwards swung wildly and struck an officer who was arresting him, the elements of resisting arrest were necessarily included in those of simple assault on a law enforcement officer. Under these circumstances, Edwards could not have committed assault without resisting arrest. So we find the trial judge did not abuse his discretion in giving the instruction. We also find no error in the trial judge admitting the recording of the 911 call that precipitated Edwards’s arrest. We affirm.
Background Facts
¶ 4. On March 22, 2010, Gina Edwards called 911 to report a violent domestic dispute with her estranged husband, Edwards. Two Tupelo Police Department officers responded and found Edwards on the next-door neighbor’s porch. One officer detained Edwards while the other, Officer Johnny Bruce, interviewed Gina. Gina was emotional as she described the struggle with Edwards and showed Officer Bruce the wrecked interior of her home.
¶ 5. When Officer Bruce told Edwards he was arresting him for domestic violence, a scuffle broke out between the two. Officer Bruce testified that Edwards began violently swinging, striking him in the face. At this point, Officer Bruce punched back, busting Edwards’s lip, which required medical attention. The officers arrested Edwards for domestic violence and simple assault on a law enforcement officer.
¶ 6. Gina ultimately dropped the domestic-violence charge. But the State indicted Edwards for simple assault on a law enforcement officer, a felony. See Miss.Code Ann. § 97 — 3—7(1 )(b) (Rev.2006). At the close of trial, the State requested and was granted an instruction on the lesser misdemeanor crime of resisting arrest. See Miss.Code Ann. § 97-9-73 (Rev.2006). And the jury found Edwards guilty of resisting arrest. The circuit judge sentenced Edwards to six months in the custody of the Lee County Sheriffs Department and imposed a $500 fine. However, *109 the judge suspended the jail sentence on the condition Edwards be evaluated for and complete a mental-health treatment program.[1]
¶ 7. Edwards timely appealed.
Discussion
I. Resisting-Arrest Instruction
¶ 8. The main focus of Edwards’s appeal is on the resisting-arrest instruction, given at the State’s request. As he sees it, resisting arrest is not a lesser-included offense of simple assault on a law enforcement officer. So he insists the court erred in granting the State a lesser-crime instruction. He asks that we reverse his conviction.

A. Lesser-included Offense

¶ 9. Under Mississippi law, the State or defendant may request and obtain a lesser-included offense instruction. Buchanan v. State, 84 So.Bd 812, 815 (¶ 8) (Miss.Ct.App.2011). The “principal requirement” for granting the instruction is that there is “evidence to support it.” Id. Here, Edwards does not argue the “principal requirement” of evidentiary support was not met. Instead, he suggests the instruction really charged a lesser-non-included offense — not a lesser-included offense. And since only the defendant, not the State, can obtain an instruction on a lesser-non-included offense, the judge erred in not sustaining his objection to this instruction.
¶ 10. To appreciate Edwards’s argument, the distinction needs to be made between lesser-included and lesser-non-included offenses. While both categories of offenses carry a lesser penalty than the offense for which the defendant was indicted, traditionally, with a lesser-included offense, all elements of the lesser crime are included in the greater crime’s elements. Under this elements-based test, the defendant “could not be guilty of the offense for which he is indicted without at the same time being guilty of the lesser[-]included offense.” Payton v. State, 642 So.2d 1328, 1334 (Miss.1994). Because the greater offense contains all elements of the lesser-included offense, an indictment for the greater offense implicitly includes a charge of the lesser-included offense, even though it is not listed as a separately charged crime. Thus, a defendant is on notice of the possibility of conviction of the lesser-included offense. See Miss.Code Ann. § 99-19-5 (Rev.2007) (expressly permitting the jury to find the defendant “guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment ... without any additional count in the indictment for that purpose”).

B. Lesser-Non-Included Offense

¶ 11. In contrast, a lesser-non-included offense (also called a “lesser-related offense” or simply a “lesser offense”) has elements not contained in the greater crime. This means the defendant could be guilty of the greater crime without having committed the lesser-non-included offense. Payton, 642 So.2d at 1334. Because the lesser offense is not necessarily included in the charged offense, a defendant is not on notice that he or she may be criminally liable for the lesser-non-included crime. Id.
¶ 12. There is also a procedural distinction between the two instructions. Either the defendant or the State is entitled to a lesser-included offense instruc *110 tion, if evidence supports it. Buchanan, 84 So.3d at 815 (¶ 8).[2] But the twist is that, while a defendant can request a lesser-non-included offense instruction, the State cannot.
¶ 13. This method of allowing defendants to pick any desired non-indicted, tangentially related lesser criminal charge is only recognized in a handful of states and “is neither grounded in [Mississippi’s] constitution nor its statutes or longstanding precedent.” Gebben v. State, 108 So.3d 956, 970 (¶ 42) (Miss.Ct.App.2012).[3] Still, our state’s supreme court mandates giving criminal defendants lesser-non-included offense instructions, under circumstances where evidence supports them. E.g., Williams v. State, 53 So.3d 734 (Miss.2010) (reversing murder conviction because defendant was not granted instruction on the lesser-non-included offenses of assisting a suicide).
¶ 14. While the wisdom or folly in recognizing the mechanism of the lesser-non-included-offense instruction is not at issue before this court, questions of which category the resisting-arrest charge falls in are paramount to this appeal. Here, the State — which is never entitled to a lesser-non-included-offense instruction but may seek lesser-included-offense instructions — requested the resisting-arrest instruction.
¶ 15. Because of this posture, our decision whether to uphold or reverse the jury’s verdict hinges on the question — Is resisting arrest a lesser-included offense of the charged offense of simple assault on a law enforcement officer?

C. Resisting Arrest as a Lesser-included Offense of Simple Assault on a Law Enforcement Officer

¶ 16. There are both simple and complicated answers to this question, with the simple answer being: Yes. Both this court and the supreme court have held that resisting arrest is a lesser-included offense of simple assault on a law enforcement officer.
¶ 17. This court has twice stated that “if someone resists too strongly it becomes an assault, and therefore, resisting arrest is clearly a lesser-included[ ]offense of simple assault on an officer.” Barber v. State, 743 So.2d 1054, 1055 (¶4) (Miss.Ct.App. 1999) (emphasis added) (citing Murrell v. State, 655 So.2d 881, 886 (Miss.1995)) and Clayborne v. State, 739 So.2d 495, 496 (¶ 5) (Miss.Ct.App.1999) (emphasis added) (citing Murrell, 655 So.2d at 886).
¶ 18. And our supreme court has, in a plurality opinion, expressly “recognize[d] [resisting arrest] as a lesser-included offense of simple assault on a law enforcement officer.” Jones v. State, 798 So.2d *111 1241, 1253 (¶ 37) (Miss.2001) (plurality opinion) (citing Murrell, 655 So.2d at 886; Clayborne, 739 So.2d at 496 (¶ 5)). We acknowledge that, because Jones was a plurality opinion, it is not binding. Buffington v. State, 824 So.2d 576, 580 (¶ 15) (Miss.2002) (finding plurality opinions do not create binding precedent). Yet we still find it persuasive — particularly since none of the nine justices in Jones expressed any disagreement with the opinion that resisting arrest is a lesser-included offense of simple assault on an officer. Rather, the dissent’s specific reason for not joining the plurality was because the dissent found the defendant’s arrest was unlawful. Jones, 798 So.2d at 1258 (¶ 58) (Easley, J., dissenting).
¶ 19. But with that simple answer comes more complex explanations of (1) why this precedent applies to Edwards’s case, and (2) why we are unpersuaded we should break from this precedent to find resisting arrest is never a lesser-included offense of simple assault on a law enforcement officer.

1. Application of Precedent to State’s Request

¶20. Edwards argues that Clayborne, Barber, and Jones are inapplicable because in those eases it was the defendant, not the State, who requested the instruction. Edwards points out that, because a defendant is entitled to either a lesser-included or lesser-non-included-offense instruction, it did not really matter under which category of lesser offenses resisting arrest actually fell. And since the title or description of the requested instructions was immaterial in each of the cases, he reasons none of the cases really considered if the lesser charges were in fact properly categorized as “lesser-included offenses.”
¶ 21. We disagree and do not interpret Clayborne, Barber, and Jones as using the term “lesser-included offense” unintentionally. In fact, in Barber, three judges dissented because they viewed resisting arrest as a lesser-non-included offense and contended that a defendant, like the State, should not be granted an instruction on lesser-non-included offenses. See Barber, 743 So.2d at 1057-59 (¶¶ 10-19) (South-wick, P.J., dissenting). So the distinction between the two categories of offenses was raised and considered by this court. And a majority of this court adhered to the conclusion that resisting arrest fell into the category of “lesser-included [ joffense.” Barber, 743 So.2d at 1055 (¶ 4) (emphasis added).

2. Adherence to Precedent

¶ 22. The other reason Edwards argues Clayborne, Barber, and Jones did not consider the distinction between lesser-included and lesser-non-included offenses is that, by his estimate, resisting arrest cannot be a lesser-included offense. Edwards reaches his conclusion by strictly applying the “elements test.”
¶ 23. The elements test is traditionally viewed as the test for determining whether one offense is a lesser-included offense of another. E.g., Green v. State, 884 So.2d 733, 737 (¶ 11) (Miss.2004) (citing Sanders v. State, 479 So.2d 1097, 1108 (Miss.1985)). Under the elements test, for a lesser-included-offense instruction to be given, “the more serious offense must include all the elements of the lesser offense [so] that it is impossible to commit the greater offense without at the same time committing the lesser[-]included offense.” Sanders, 479 So.2d at 1108. There must also “be some evidence to support the lesser[-]included offense.” Id.
¶24. Simple assault on a law enforcement officer is comprised of two elements: (1) the defendant purposefully or recklessly caused bodily injury to a police officer, and (2) the officer was acting within the *112 scope and duty of his office. Miss.Code Ann. § 97-3-7(l)(a)-(b). The elements of resisting arrest are: (1) the resisting or obstructing by force, threats, violence, or any other means (2) an officer’s attempt at a lawful arrest. Miss.Code Ann. § 97-9-73.
¶ 25. Edwards compares the elements of the two statutory crimes, concluding it is possible to commit simple assault on a police officer without resisting arrest. While Edwards is -correct in this notion, this court is quite mindful that it has previously taken the exact strict elements approach Edwards now suggests, only to be reversed on certiorari review by the supreme court. Friley v. State, 879 So.2d 1031 (Miss.2004), reversing Friley v. State, 856 So.2d 654 (Miss.Ct.App.2003).
¶ 26. In Friley, this court strictly confined our lesser-included-offense analysis to the elements of the greater and lesser crime in a sexual-battery case. Friley, 856 So.2d at 655-56 (¶¶ 4-8). We pointed out there was an obvious element of the lesser crime, molestation — that the defendant’s touching be done with the intent and purpose to “gratify his or her lust” — that was not required of the greater offense, sexual battery. So we concluded based solely on the elements that child molestation was not a lesser-included offense of sexual battery.
¶ 27. However, the supreme court disagreed and reversed this court’s judgment. Friley, 879 So.2d at 1034-35 (¶¶ 12-17). Rather than strictly applying the elements test, the supreme court found “molestation may be a lesser included offense of some types of sexual battery.” Id. at 1034 (¶ 12) (emphasis added). While the supreme court did cite the elements test, its differing conclusion was drawn in part by “a reasonable inference from the circumstances.” Id. at 1035 (¶ 16). Though there had previously not been any recognized “circumstance” based consideration under the traditional elements test, the supreme court in Friley found that “under these particular circumstances, molestation is a lesser-included offense of sexual battery[.]” Id. at (¶ 17) (emphasis added).
¶28. Thus, according to Friley, the elements test is not merely a strict comparison of the statutory crimes, without any consideration of the facts supporting the charged crime. As Professor Michael Hoffheimer put it in his law-review article entitled Lesser Included Offenses in Mississippi, “Friley provides strong authority that the supreme court will not limit itself to the elements test.” Michael H. Hoffheimer, Lesser Included Offenses in Mississippi, 74 Miss. L.J. 135, 174 (2004) (emphasis added).
¶ 29. So based on Friley, it appears we are to consider the elements of the crimes “under the circumstances” in which these crimes were allegedly committed. Indeed, that is what we did in Davis v. State, 933 So.2d 304, 306 (¶ 7) (Miss.Ct.App.2005). In that case, the defendant, who had been charged with simple assault on a law enforcement officer, was denied his request for an instruction on resisting arrest as a lesser-included offense. In affirming the denial of the instruction, we did not find that resisting arrest is never a lesser-included offense of simple assault on a law enforcement officer because it was possible to commit simple assault of a law enforcement officer without committing resisting arrest. Instead, we looked at the circumstances of the assault and found that “[r]esisting arrest is considered a lesser-included offense of simple assault when the defendant is being arrested when the incident occurs.” Id. And because the defendant in Davis was not being arrested at the time the altercation occurred, he was not entitled to an instruction on resisting arrest as a lesser-included offense. Id.

*113
S. Edwards’s Case

¶ 30. After applying the elements test here, taking into consideration the “circumstances” of Edwards’s' alleged assault of the arresting officer, we find, consistent with Clayborne and Barber, that resisting arrest is á lesser-included offense of simple assault on a law enforcement officer. To reach an opposite result would require we overrule this court’s and the supreme court’s precedent and ignore Fri-ley.
¶ 31. Here, the State, in attempting to prove assault, introduced evidence that Edwards began swinging at Officer Bruce while Edwards was being arrested. Under these circumstances, it would have been impossible for Edwards to have committed simple assault on a law enforcement officer without committing the crime of resisting arrest — the only difference between the two crimes being whether Edwards’s physical resistance rose to the level of purposeful or reckless bodily injury of the officer.
¶ 32. Because resisting arrest was a lesser-included offense of the charged crime, the trial judge was authorized to grant the State’s request for a resisting— arrest instruction, since the evidence supported it. Thus, we find no error in the judge’s instruction on resisting arrest.
II. 911-Call Recording
¶ 33. Edwards also argues the trial judge erred in admitting, over his. objection, the recording of Gina’s 911 call. This is the call that led to the dispatch of police officers to Gina’s house. He claims the recording should have been excluded under Mississippi Rules of Evidence 404(b) and 403.

A. Rule 404(b)

¶ 34. In the 911 call, a distraught Gina related Edwards’s outburst of domestic violence. While'it is true Edwards was not on trial for domestic violence, he was on trial for assaulting a law enforcement officer during his arrest for domestic violence.
¶ 35. Under Rule 404(b), “[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.” But there is a recognized exception when the offense charged and the prior crime or bad act are so interrelated or form part of a series of occurrences. Jenkins v. State, 75 So.3d 49, 52 (¶ 9) (Miss.Ct.App,2011) (citing Underwood v. State, 708 So.2d 18, 32 (¶ 41) (Miss.1998)); see also M.R.E. 404(b) (“Evidence of other crimes, wrongs, or acts ... may, however, be admissible for other purposes.”). And here, Gina’s frantic 911 call, seeking immediate help for her safety, was part of the series of occurrences on March 22, 2010, culminating in Edwards’s arrest for domestic violence—the arrest during which the events giving rise to his indictment occurred.
¶ 36. When the charged crime and prior crime or bad act are so interwoven as to form a series of occurrences, the State may offer evidence of the prior bad act to tell the “complete story so as not to confuse the jury.” Id. at 52-53 (¶ 9) (quoting Ballenger v. State, 667 So.2d 1242, 1257 (Miss.1995)). ' “The rationale for admitting evidence of certain closely related acts is that the prosecution ‘has a legitimate interest in telling a rational and coherent story of what happened.’ ” Id. at 53 (¶ 9) (quoting Brown v. State, 483 So.2d 328, 330 (Miss.1986)).
¶ 37. For example,- in Jenkins, the defendant was convicted of cocaine possession after probation officers found drugs he had discarded while he was fleeing from officers who were trying to execute a warrant for his arrest. Id. at 51 (¶¶ 2-3). We *114 found no error in the State offering evidence that “Jenkins had previously been convicted of a felony [and] had been placed on probation for that prior felony” or that “he had absconded from probation supervision.” Id. at 53 (¶ 10). There was no evidentiary foul because this evidence “shed light on the events that transpired on the day that Jenkins was arrested.” Id. The evidence helped the jury understand why officers recognized Jenkins, why they knew there was an outstanding warrant, why Jenkins ran, and why the officer pursued Jenkins and arrested him. Id. Without this evidence, “it would have appeared as though the probation officers had harassed Jenkins and then pursued and arrested him without probable cause.” Id. at (¶ 11).
¶ 38. We similarly find the 911 recording “shed light on the events that transpired on the day that [Edwards] was arrested.” Id. at 53 (¶ 10). In terms of “telling a rational and coherent story of what happened,” the recording described the physically dangerous and emotionally charged scene the officers knew they were walking into when they arrived at Gina’s house. The recording also explained why the officers had probable cause to detain Edwards when they arrived, and why his arrest for domestic violence a few minutes later was lawful. And like Jenkins, without the recording, there is some likelihood it may have appeared the officers were there harassing Edwards, instead of trying to remove him from the situation.
¶ 39. While Edwards argues the tape was inadmissible based on Eubanks v. State, 419 So.2d 1330 (Miss.1982), a case also involving a charge of simple assault on a police officer, the facts here are distinguishable. In Eubanks, the supreme court found it permissible to admit evidence that officers were executing an arrest warrant because it showed they were acting within the scope of their authority when the assault occurred. Id. at 1332. However, the supreme court held it was reversible error to introduce details of the prior incident for which the arrest warrant was issued because “[t]here was no connection between the facts surrounding that incident and the charge of simple assault[.]” Id. But here, there is a connection. Unlike Eubanks, the incident between Gina and Edwards did not occur weeks prior — it occurred immediately before police arrived and was the lone reason officers showed up, already alerted that Edwards potentially posed a threat to others.
¶ 40. We thus find admission of the 911 recording did not violate Rule 404(b), since the trial judge had discretion to allow the State to tell the “complete story” of Edwards’s arrest.

B. Rule 403

¶ 41. Edwards argues admission of the recording was still erroneous because the trial judge did not apply the Rule 403 balancing test. Under Rule 403, a trial judge should “exclude[evidence] if its probative value is substantially outweighed by the danger of unfair prejudice[.]” M.R.E. 403. And when evidence is deemed admissible over a Rule 404(b) objection, the Mississippi Supreme Court has held trial judges should then administer Rule 403’s balancing test to ensure no undue prejudice results. Hoops v. State, 681 So.2d 521, 530 (Miss.1996). But the supreme court has emphasized trial judges need not use the “magic words” about the probative value of the evidence outweighing any prejudicial effect. Pitchford v. State, 45 So.3d 216, 246 (¶ 128) (Miss.2010).
1142. In finding the recording admissible, despite Edwards’s Rule 404(b) objection, the trial judge clearly weighed its probative value against its potential prejudice. See Jenkins, 75 So.3d at 55 (¶ 18). And his decision — that the proba *115 tive value won out — was not an abuse of discretion. The recording had probative value — communicating to the jury Gina’s report of the violent situation, which is why police showed up to arrest Edwards. Further, Gina, who had already refused to press domestic-violence charges, also tried to “backpedal” at trial, changing her story about how Edwards had been acting when she called 911. So the tape was probative of what Gina had really told authorities that afternoon — information that formed the basis of probable cause needed to lawfully arrest Edwards without a warrant.
¶ 43. Because we find no abuse of discretion in the trial judge’s admission of the 911 recording, we affirm.
¶ 44. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT OF CONVICTION OF RESISTING ARREST AND SENTENCE OF SIX MONTHS IN THE CUSTODY OF THE LEE COUNTY SHERIFF’S DEPARTMENT, WITH THE SENTENCE SUSPENDED ON THE CONDITION THAT THE APPELLANT SUCCESSFULLY COMPLETE MENTAL-HEALTH TREATMENT, AND TO PAY A FINE OF $500 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, FAIR AND JAMES, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION.

. A suicide incident in jail the night Edwards was arrested led the trial judge to determine Edwards’s sentence would be better served in a mental-health treatment program than in jail.

. The dissent claims we rely on Buchanan "to support [our] affirmance of Edwards’s conviction for resisting arrest even though Edwards was indicted for simple assault of a police officer.” Dis. Op. at (¶ 50). But it is apparent that we merely cite Buchanan to describe the substantive and procedural distinctions between lesser-included and lesser-non-included offenses — not to support our disposition. Contrary to the dissent’s suggestion, our reason for affirming is based on this court’s and the supreme court’s precedent that resisting arrest is a lesser-included offense of simple assault on a law enforcement officer.

. Many past and present members of this court have expressed various criticisms with instructing jurors on lesser-non-included offenses — a practice the United States Supreme Court has coined as " ‘not only unprecedented, but also unworkable' and has observed ... 'can hardly be said to be a reliable result,’ as it 'detracts from, rather than enhances, the rationality of the process[.]’ ” Gebben, 108 So.3d at 974-75 (¶ 52) (quoting Hopkins v. Reeves, 524 U.S. 88, 96-97, 118 S.Ct. 1895, 141 L.Ed.2d 76 (1998)).